UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENNY ROSS AND RODNEY ROSS,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US, LLC, et al.,<br><br>Defendants. | Case No.: 25-cv-3242-AJB-BLM<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>**(Doc. No. 13)** |

Before the Court is a motion to withdraw as counsel for Plaintiffs Penny Ross and Rodney Ross ("Plaintiffs") filed by Plaintiffs' counsel Attorney Rabiya Tirmizi and the law firm Strategic Legal Practices, APC ("SLP").[1] (Doc. No. 13.) Defendant FCA US, LLC ("FCA") does not oppose the motion to withdraw. (Doc. No. 19.) The Court finds the matter suitable for decision on the papers and without oral argument, pursuant to Local Civil Rule 7.1.d.1. For the reasons stated herein, the motion to withdraw is **GRANTED**.

**I.    BACKGROUND**

Plaintiffs initiated this action against Defendant Haddad Dodge Ram ("Dodge") and Defendant FCA on March 5, 2025, in San Diego Superior Court. (Doc. No. 1-2.) Plaintiffs

---

[1] Plaintiff Rodney Ross passed away after this action commenced. (Doc. No. 10 at 3.)

1

voluntarily dismissed Dodge on November 3, 2025. (Doc. No. 1 at 2.) After Plaintiff dismissed Dodge, FCA removed this matter to federal court alleging diversity jurisdiction. (Doc. No. 1.)

SLP filed the instant motion to withdraw as counsel on February 11, 2026. (Doc. No. 13.) SLP states that "a complete and irreparable breakdown of the attorney-client relationship has occurred that has made it unreasonably difficult for SLP to carry out the representation effectively." (Doc. No. 13 at 5.) According to the declaration of Rabiya Tirmizi, SLP attempted numerous times to communicate with Plaintiffs, including fifteen (15) phone calls and seventeen (17) emails. (*Id.*; Declaration of Rabiya Tirmizi ("Tirmizi Decl.") ¶ 4.) However, Plaintiffs have not responded to SLP. (Doc. No. 13 at 6; Tirmizi Decl. ¶ 5.)

On February 12, 2026, the Court issued an Order requiring Plaintiff Penny Ross to respond to SLP's motion to withdraw by no later than February 20, 2026. (Doc. No. 15.) The Court ordered Ms. Ross to state whether she consents to or opposes SLP's request to withdraw. (*Id.*) The Court also required Ms. Ross to address whether she is prepared to pursue her claims and whether she intends to proceed *pro se* or retain substitute counsel. (*Id.*) The Court warned Ms. Ross that failing to file a response to SLP's Motion would result in the Court issuing an Order to Show Cause why this matter should not be dismissed for failure to prosecute. (*Id.*) Ms. Ross's deadline to respond the SLP's Motion passed and the Court received no communication from Plaintiffs. (*Id.*) Thus, on March 2, 2026, the Court issued and Order to Show Cause as to why this case should not be dismissed for failure to prosecute. (Doc. No. 20.) Plaintiffs' deadline to respond to the Order to Show Cause has now passed as well and the Court still has not received any communication from Plaintiffs. (*Id.*) A Show Cause Hearing is scheduled for April 16, 2026, at 10:00 a.m. (*Id.*) Ms. Ross **must** appear in person at the Show Cause Hearing.

## II.     LEGAL STANDARD

Granting or denying a motion to be relieved as counsel is within the discretion of the district court. *See United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009) (reviewing

25-cv-3242-AJB-BLM

denial of motion to be relieved as counsel for abuse of discretion); *In re Saber*, No. 21-55913, 2022 WL 11592836, at *1 (9th Cir. Oct. 20, 2022). An attorney of record may not withdraw as counsel except by leave of court. *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-594-WQH-LS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008). In exercising its discretion, courts commonly consider the following factors when determining whether counsel should be permitted to withdraw:

> (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

*Id.*, at *2.

In a federal proceeding, a lawyer's conduct, including his or her duties to their client, is governed by the ethical rules of the relevant court. *See In re Snyder*, 472 U.S. 634, 645 n.6 (1985) ("The state code of professional responsibility does not by its own terms apply to sanctions in the federal courts. Federal courts admit and suspend attorneys as an exercise of their inherent power; the standards imposed are a matter of federal law."). "When an attorney appears before a federal court, he is acting as an officer of that court, and it is that court which must judge his conduct." *Cord v. Smith*, 338 F.2d 516, 524 (9th Cir. 1964). "Absent specific ethical standards from case law, court rules, and adopted rules of professional conduct, *see In re Snyder*, 472 U.S. at 645, 'those standards promulgated by the American Bar Association' ("ABA") offer 'appropriate guidance for finding the current national standards of ethical norms.'" *Suarez v. Del Toro*, No. 22-CV-0021-GPC-BLM, 2023 WL 149105 (S.D. Cal. Jan. 10, 2023) (quoting *In re Mitchell*, 901 F.2d 1179, 1184 (3d Cir. 1990)). Accordingly, the Court looks to the ABA's Model Rules of Professional Conduct. *See Mitchell*, 901 F.2d at 1184; *see also Suarez*, 2023 WL 149105, at *2 (looking to the ABA Model Rules, rather than the California Rules of Professional Conduct, when analyzing a motion to be relieved as counsel in the Southern District of California).

## III.    DISCUSSION

As a preliminary matter, in the Southern District of California, "[a] motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." CivLR 83.3.f.3. "A declaration pertaining to such service must be filed" and failure to "serve as required by [CivLR 83.3] or to file the required declaration of service will result in a denial of the motion." *Id.* Here, Counsel has met the notice requirement. (*See* Doc. No. 14)

Turning to the merits of the motion to withdraw, SLP argues there has been a "complete and irreparable breakdown of the attorney-client relationship." (Doc. No. 13 at 5.) And despite dozens of attempts to contact Plaintiffs, Plaintiffs have been unresponsive.    Under ABA Model Rule 1.16(b), an attorney may withdraw from representation when "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Model Rules of Pro. Conduct r. 1.16(b)(5) (Am. Bar. Ass'n, 1983) (last amended April 14, 2020). Additionally, an attorney may withdraw if representation "has been rendered unreasonably difficult by the client," or if "other good cause for withdrawal exists." *Id.* at r. 1.16(b)(6)&(7).

The Court finds good cause for withdrawal exists. Plaintiffs have ceased communicating with their counsel rendering it unreasonably difficult for SLP to effectively continue representation. *See Osgood v. Main Streat Mktg., LLC*, No. 16-cv-2415-GPC-BGS, 2017 WL 7362740, at *1 (S.D. Cal. Mar. 27, 2017) (granting motion to withdraw due to defendants refusing to communicate with counsel); *see also McPhail v. FCA US, LLC*, No. 24-cv-1879-WQH-DDL, 2025 WL 674602 (S.D. Cal. Mar. 3, 2025) (granting motion to withdraw when there was "a complete and irreparable breakdown of the attorney-client relationship . . . ma[king] it unreasonably difficult . . . to carry out the representation effectively[.]").

Moreover, FCA filed a response to the motion indicating that it does not oppose the withdrawal. ECF No. 19. And Plaintiffs have failed to oppose the withdrawal. It thus

4

appears that the withdrawal will not prejudice any of the litigants. Also, because the case is still in its early stages—the Court has yet to issue a scheduling order and there are no deadlines currently pending—there will be no unnecessary delays caused by the withdrawal.

The only potential harm to the administration of justice the Court can identify is the potential that Plaintiffs proceed *pro se.* But Plaintiffs have known about counsel's intent to withdraw since at least February 11, 2026, when Plaintiffs' counsel filed the instant motion and served it on Plaintiffs. (*See* Doc. Nos. 13; 14.) Plaintiffs have had ample notice of the withdrawal, and the Court has afforded Plaintiffs the opportunity to respond to the motion on two separate occasions. (Doc. Nos. 15; 20.) To-date, Plaintiffs have failed to oppose, or otherwise respond to, the motion to withdraw. Accordingly, the withdrawal will not harm the administration of justice.

The Court concludes that SLP has demonstrated sufficient reasons to be relieved as counsel. The Court also concludes that the withdrawal will not prejudice Plaintiffs, harm the administration of justice, or delay resolution of the case. Accordingly, the Court finds that withdrawal is appropriate here. *See, e.g.*, *Gurvey v. Legend Films, Inc.*, No. 09-cv-942-IEG-BGS, 2010 WL 2756944, at *1 (S.D. Cal. July 12, 2010) (granting motion to withdraw where good cause existed, the case was "still in its infancy" with "no immediately scheduled hearings," and the plaintiff had ample notice of counsel's intent to withdraw); *see also McPhail*, 2025 WL 674602, at *1 (granting motion to withdraw where the plaintiff ceased communicating with counsel).

## IV.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1.      The Motion to Withdraw (Doc. No. 13) is **GRANTED**. SLP and attorneys Rabiya F. Tirmizi, Tionna Carvalho, and Elizabeth A. LaRocque are withdrawn as counsel of record in this action.

2.      Plaintiffs have twenty-one (21) days from the date of this Order to obtain new counsel and have counsel file a notice of appearance. If no notice of appearance is filed,

25-cv-3242-AJB-BLM

the Court will deem Plaintiffs as proceeding *pro se*. "A party proceeding pro se must keep the Court and opposing parties advised as to current address." CivLR 83.11(b). "Failure to comply [ ] may be ground[s] for dismissal . . . ." CivLR 83.11(a).

3.     Plaintiffs are again cautioned that there is a show cause hearing scheduled for **April 16, 2026**. (Doc. No. 20.) If Plaintiffs fail to appear, **in person**, at the hearing, this matter will be terminated for failure to prosecute. *See id.*; *see also* CivLR 83.11 ("Any person who is appearing propria persona, (without an attorney) (i.e. *pro se*) must appear personally for such purpose and may not delegate that duty to any other person, including husband or wife, or another party on the same side appearing without an attorney.")

4.     No later than seven (7) days from the entry of this Order, SLP shall file a certificate of service indicating that it has served Plaintiffs with a copy of this Order.

**IT IS SO ORDERED.**

Dated:  March 24, 2026

Hon. Anthony J. Battaglia
United States District Judge

6

25-cv-3242-AJB-BLM